UNITED STATES of America, Plaintiff,

v.

John C. ROCHE d/b/a John C. Roche Insurance Agency, et al., Defendants.

Civ. A. No. 76–4451–C.

United States District Court,
D. Massachusetts.

Jan. 21, 1977.

William A. Brown, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Thomas C. Troy, William Tommasino, Dorchester, Mass., for defendants.

## OPINION

CAFFREY, Chief Judge.

This is a civil action originally filed in this Court on the basis of 39 U.S.C. § 3007 and 28 U.S.C. § 1345, for the purpose of obtaining injunctive relief as provided for by 39 U.S.C. § 3005. The complaint, as filed December 17, 1976, alleged that defendant Roche was using the United States Mails while conducting a scheme or device for obtaining money by means of false representations in violation of 39 U.S.C. § 3005. It alleged that defendant through various insurance companies controlled by him and through his finance company, had charged numerous customers premiums for automobile insurance computed at rates which exceeded the rates set for such insurance coverage by the Commissioner of Insurance for the Commonwealth of Massachusetts. After a hearing on December 17, 1976, a temporary restraining order was entered, which authorized that defendant's incoming mail be detained by the Post Master pending the completion of statutory proceedings.

Thereafter the government moved to amend the complaint by adding Count II, a claim for money damages purportedly brought pursuant to Massachusetts General Laws c. 93A. The defendant then moved to dismiss Count II. The government also moved for an order of attachment by trustee process, an order for attachment or real and personal property, and a preliminary injunction. Those motions came on for hearing, after which, a preliminary injunction was entered, with the assent of the defendant, on December 28, 1976 and an order allowing the attachment by trustee process and the attachment of real and personal property was also entered on that date. The motion to amend and the motion to dismiss were taken under advisement at the conclusion of the hearing.

In moving to add Count II of the complaint, the government seeks to add to its case for injunctive relief a claim alleging the right to recover from defendant treble damages pursuant to M.G.L. c. 93A. The jurisdiction for so doing is premised on 28 U.S.C. § 1345 and the theory of pendent jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Count II asserts that the plaintiff is the "United States of America, as *parens patriae* of the class of plaintiffs who have a state claim under Massachusetts Laws c. 93A." This assertion is difficult to square with the provisions of M.G.L. c. 93A.

Chapter 93A, § 4, expressly authorizes the Attorney General of the Commonwealth to ". . . bring an action [in the superior court] in the name of the Commonwealth against [a person believed by the Attorney General to be using, or about to use, any method, act or practice declared by § 2 to be unlawful]." It is obvious that § 4 only authorizes the Commonwealth's Attorney General to bring suit and that it does not authorize anyone else, including the United States, to bring a suit, hence, the United States has no cause of action arising under c. 93A, § 4.

The next section of chapter 93A which creates a cause of action in anyone is § 9, which provides in pertinent part:

Any person who purchases . . . goods, services or property . . . *primarily for personal, family or household purposes* and thereby suffers any loss . . . as a result of the use or employment by another person of an unfair or deceptive act or practice declared unlawful by section two . . . may . . . bring an action in the superior court in equity for damages and . . .

equitable relief . . .. (emphasis added)

I rule that § 9, like § 4, fails to create a cause of action in the United States because the United States is not, and cannot be a person who purchases ". . . primarily for personal, family or household purposes."

The remaining section in chapter 93A which creates any cause of action is § 11 thereof. That section creates a cause of action in favor of "Any person who engages in the conduct of any trade or commerce and who suffers any loss . . . as the result of the use or employment by another person who engages in any trade or commerce of an unfair method of competition or an unfair or deceptive act or practice declared unlawful by section two . . ." It is obvious that the United States cannot qualify as a party plaintiff engaged in trade or commerce. Hence it has no cause of action under § 11.

Accordingly, I rule that neither § 4, § 9 nor § 11 of chapter 93A creates any cause of action in, or on behalf of, the United States.

This ruling disposes of the government's claim that this Court has jurisdiction to entertain Count II on the basis of 28 U.S.C. § 1345. Section 1345 authorizes the United States to appear in federal district courts as a party plaintiff but that section assumes that the United States possesses a cause of action that arose under either state or federal law which it can commence in the federal court. It is hornbook law that in the absence of a cause of action, the United States has no standing as a plaintiff in this Court. *United States v. Silliman*, 167 F.2d 607, 610 (3 Cir.), *cert. denied* 335 U.S. 825, 69 S.Ct. 48, 93 L.Ed. 379 (1948).

An alternate argument made on behalf of the United States in support of its standing to bring Count II is its claim that it is acting in the capacity of *parens patriae* in so doing. On the facts of this case, this contention is not tenable, because Count II lacks any allegation to the effect that any sovereign, or even quasi-sovereign, interest of the United States is involved herein, once the relief provided by Title 39, § 3005 has

been granted to the United States. In *Hawaii v. Standard Oil Co.*, 405 U.S. 251, 92 S.Ct. 885, 31 L.Ed.2d 184 (1971), the Supreme Court ruled that the State of Hawaii could not maintain an action for damages under the antitrust laws purporting to act *parens patriae* for all the residents of that State. The Court allowed it to sue in its proprietary capacity for damages to its property, but denied it the right to recover damages to its general economy. In so ruling, the Court observed in dicta (at 265, 92 S.Ct. at 892) that the right of the United States to recover under the antitrust laws was "not for general injury to the national economy . . . but only for those injuries suffered in its capacity as a consumer of goods and services."

While the ruling was limited to the antitrust area, the Court made the interesting observation (at 266, 92 S.Ct. at 893) "*parens patriae* actions may, in theory, be related to class actions, but the latter are definitely preferable in the antitrust area."

More importantly, in *Hawaii v. Standard Oil Co.*, supra, the Supreme Court (at 258) reaffirmed the validity of its earlier decision in *Louisiana v. Texas*, 176 U.S. 1, 20 S.Ct. 251, 44 L.Ed. 347 (1900). In that case the Court forbade the State of Louisiana to maintain an action against the State of Texas. The Supreme Court said (at 19, 20 S.Ct. at 257) "the cause of action must be regarded not as involving any infringement of the powers of the state of Louisiana, or any special injury to her property, but as asserting that the state is entitled to seek relief in this way because the matters complained of affect her citizens at large." Thus, it is clear that the Supreme Court still does not allow a sovereign to bring suits *parens patriae* unless its own economic interests *qua* sovereign allegedly have been damaged.

The United States alternately argues that it has standing to maintain Count II as a class action with the United States acting as the class representative. Rule 23(a), Federal Rules of Civil Procedure, authorizes "one . . . member[s] of a class [to] sue . . . as representative

part[y] on behalf of all . . . ." However, section (a) also requires a finding that "(3) the claims . . . of the representative party are typical of the claims . . of the class." In this case, the United States fails to bring itself within Rule 23 on two grounds. First, it, in fact, is not a member of the class it seeks to represent, since that class is limited by the language of § 9 of c. 93A to "person[s] who purchase . . . for personal, family or household purposes." The United States is not, and may not be alleged to be that type of purchaser, hence, it may not qualify as a member of the class it seeks to represent. Second, the United States does not have a claim typical of the claims of the other members of the class. The fact that, during its investigation, the government sent two Post Office Inspectors out to purchase insurance from one of the defendant's agencies, for the purpose of corroborating claims which *bona fide* consumers had made to the Postal authorities, does not convert those two isolated investigative purchases into purchases "for personal, family or household purposes."

■ The final ground relied on by the government is the doctrine of pendent jurisdiction, under which, whether or not a federal court accepts a state-based cause of action is discretionary with the federal court. This doctrine, of course, presumes that the plaintiff in fact has a cause of action under state law which, as indicated above, it does not.

Even assuming that the United States had a cause of action available to it based on state law, the decision of whether or not to accept that cause of action should be based on considerations of judicial economy, convenience and fairness to the litigants. *United Mine Workers v. Gibbs, supra* 383 U.S. at 725, 86 S.Ct. 1130. This Court also should avoid needless decisions of state law. *United States v. State Tax Commissioner,* 481 F.2d 963, 976 (1 Cir. 1973). It has also been held that where the state issues substantially predominate, the state claim may be dismissed without prejudice and left for resolution in state court. *United Mine Workers v. Gibbs, supra* 726–727, 86 S.Ct. 1130.

This Court judicially notices that the Attorney General has commenced an action in Suffolk Superior Court bearing the caption, *Commonwealth of Massachusetts v. John C. Roche, d/b/a John C. Roche Insurance Agency, et al.,* Suffolk Superior Court, Civil Action Number 18777. This Court has examined the complaint filed in that case and is satisfied that the allegations in the instant case are substantially duplicated by the key allegations in the "Facts" section of the Attorney General's complaint. Paragraphs 5, 6 and 7 of the allegations of illegality in the state case are virtually verbatim restatements of the allegations of Count II herein.

Importantly, the Attorney General, in addition to seeking equitable relief, has also requested in his prayer for relief 4(c) that the Superior Court order restitution for all consumers who have been overcharged for their automobile insurance policies. It is clear that all of the claims the United States seeks to assert in Count II have already been asserted in the Attorney General's suit, which is free of the vexing jurisdictional questions and doubts which exist herein. Having in mind that substantial attachments of defendant's assets have also been authorized by the Superior Court, I rule that considerations of judicial economy, convenience and fairness direct that this case should be tried in the Massachusetts Superior Court. So doing is consistent with the protection of the consumers' interests the United States seeks to protect herein.

Accordingly, I rule that this is not an appropriate case for the exercise of this Court's discretion favorably to the acceptance of Count II on the theory of pendent jurisdiction and that defendant's motion to dismiss Count II should be allowed and the order authorizing the attachments of real and personal property and attachments by trustee process should be revoked.[1]

Order accordingly.

1. Subsequent to the preparation, but prior to the filing of this Opinion, this Court was advised that a consent decree has been entered in Suffolk Superior Court in the Attorney Gener-

al's case, under the terms of which defendant has agreed to make restitution of $1.3 million to overcharged consumers. This fact further reinforces this Court's declining to exercise its discretion favorably to the acceptance of Count II on the basis of pendent jurisdiction.